UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

                                                              CR. No: 08-20310-DPH-MKM
**-v-**                                                                  Honorable Denise Page Hood

**LT PETE RIPPIE**,

    **Defendant.**

                                  /

## ORDER DENYING DEFENDANT'S
## MOTION FOR RELEASE FROM CUSTODY

**I. INTRODUCTION**

This matter is before the Court on Defendant's Motion For Release From Custody Per 18 U.S.C. § 3145 and for Immediate Review of Magistrate Judge's Order of Detention (Dkt. # 15, filed on June 30, 2008). The Government filed a responsive brief. A hearing on Defendant's Motion was held on July 7, 2008.

**II. FACTS**

    A.    <u>Background</u>

The Indictment charges Defendant Lt Pete Rippie ("Defendant" or "Rippie") with Conspiracy to Possess With Intent to Distribute Controlled Substances (Count I), Possession With Intent to Distribute Controlled Substances (Count II), Possession With Intent to Distribute Controlled Substances (Count III), and Tampering With A Witness (IV). The Indictment was filed on May 28, 2008.

Counts 1 and 2 of the Indictment stem from Defendant's October 27, 2007 arrest ("first arrest"). Incident to the first arrest and pursuant to a consent search of one of Defendant's residences, agents seized approximately 150[1] grams of crack cocaine. Defendant alleges that after the first arrest, he agreed to cooperate with federal law enforcement authorities to assist with the prosecution of other drug traffickers. The Government did not indict Defendant immediately following the first arrest.[2]

Count 3 of the Indictment stems from Defendant's May 21, 2008 arrest ("second arrest") for the sale of one ounce of crack cocaine to a government informant. After the second arrest, Defendant was released from custody on or around May 22, 2008 on a $10,000 personal bond.

Count 4 of the Indictment stems from Defendant's conduct immediately following his May 22, 2008 release. Several hours after his release from custody, Defendant left a threatening voice mail on the cellular phone of the government informant to whom Defendant attempted to sell the ounce of crack cocaine on May 21, 2008. Defendant alleges that he merely "vented his displeasure and anger" in the voice mail, believing that he had been double-crossed. (Motion For Release ¶3.) On the other hand, the Government describes the voice mail as life-threatening. (Criminal Compl.

---

[1]The February 29, 2008 Criminal Complaint indicates 120 grams. However, the May 23, 2008 Criminal Complaint ("Second Criminal Complaint") indicates 150 grams.

[2]At the May 30, 2008 Bond Hearing, the attorneys indicated that Defendant was given a "Magistrate's Waiver" on October 22, 2007. The Government later filed a Criminal Complaint ("First Criminal Complaint") against Defendant, on February 29, 2008, based on the October 22, 2007 events.

Aff. ¶6.) The Government's transcription[3] of the voice mail is as follows:

> When I saw you "Barney", I'm killing your bitch ass, trying to set me up, bitch, I got something for you when I see your fat ass [U/I] for the rest of your life.

(*Id.*)

On the same day that Defendant left the voice mail message, this Court issued an arrest warrant for Defendant. The day after Defendant left the voice mail, on May 23, 2008, the Government filed the Second Criminal Complaint. The Second Criminal Complaint alleges the same counts as the First Criminal Complaint, in addition to Count IV, which alleges a violation of witness tampering pursuant to 18 U.S.C. § 1512.[4] Defendant was rearrested on May 23, 2008.

Magistrate Judge R. Steven Whalen conducted a detention hearing on May 30, 2008. Based upon the testimony proffered at the detention hearing, Magistrate Judge Whalen found, by clear and convincing evidence, that Defendant posed a danger to a potential government witness. Magistrate Judge Whalen based his finding on Defendant's life-threatening voice mail message. Magistrate Judge Whalen also found probable cause that Defendant committed offenses, 21 U.S.C. §§ 841 & 846, for which a minimum term of imprisonment of ten years applies. Following the hearing, Magistrate Judge Whalen issued an Order of Detention Pending Trial.[5] Defendant now appeals that

---

[3] Defendant's attorney objected to the transcription of the voice mail at the May 30, 2008 Detention Hearing. Defendant's attorney wished to rely solely on the recording itself.

[4] The Indictment charges Defendant with a violation of 18 U.S.C. § 1512(b)(1)(i), which does not appear to exist. The Court construes this reference as one to 18 U.S.C. § § 1512(a)(2) and (b)(2).

[5] The Order is listed as Docket Number 5 under Case Number 08-30244.

order.

B.    May 30, 2008 Detention Hearing before Magistrate Judge Whalen

The Court has reviewed the testimony proffered at the May 30, 2008 detention hearing. The hearing had a duration of approximately 1 hour and 58 minutes. At that hearing, the Government presented the testimony of Special Agent Craig Frothingham of the Drug Enforcement Agency. Through direct testimony and cross examination, the parties elicited much of the same information presented in various documents located within the record. Agent Frothingham primarily described the events surrounding Defendant's first and second arrests, and Defendant's May 22, 2008 voice mail message. Additionally, the Government presented the audio recording of Defendant's voice mail message to the informant.

During the argument portion of the hearing, the Government asserted that Defendant's drug-related charges raised the presumption that Defendant should be detained pending trial. The Government further asserted that Defendant could not rebut the presumption of detention, because Defendant continued to participate in drug-related activities after his October 2007 arrest, Defendant lied about working for Bing Steel to the Probation Department, and Defendant threatened the life of a Government witness.

With respect to the Government's assertion that Defendant continued in the drug business and lied about his employment, Defendant raised an argument akin to estoppel. Defendant maintained that the Government had knowledge of Defendant's narcotics activities after his second arrest and failed to file a motion for detention in connection with those activities. The motion for

detention, Defendant argued, was brought only after Defendant left a voice mail with the informant. Defendant therefore maintained the arguments of the parties should be limited to the context of Defendant's voice mail. As to the voice mail, Defendant noted that people often threaten to kill others with no real intent to do so. Specifically, Defendant maintained, through counsel, that he did not actually intend to kill the informant.

Based upon the testimony of Agent Frothingham and the arguments presented by counsel, Magistrate Judge Whalen ordered detention. Magistrate Judge Whalen indicated that this was a close case, but that the totality of the circumstances warranted detention. Magistrate Judge Whalen first noted that this is a presumption case under 18 U.S.C. § 3142(e). Magistrate Judge Whalen further noted that, based upon the evidence, Defendant failed to rebut the presumption in favor of detention. Although Magistrate Judge Whalen found no evidence that Defendant was a flight risk, Magistrate Judge Whalen found, by clear and convincing evidence, that Defendant posed a danger to a government witness. This finding was based upon not only the words recited in the threatening voice mail, but upon the tone and timing of the voice mail. Magistrate Judge Whalen found that Defendant's voice in the recording indicated an intent to follow through with the threat. Magistrate Judge Whalen also found that the voice mail message was left just a few hours after Defendant's second arrest. Magistrate Judge Whalen noted that the tone and timing of the voice mail elevated it to a more serious level.

Magistrate Judge Whalen relied on the arguments presented by the Government – that Defendant continued his activity in the drug business and that Defendant lied about his employment

5

to Pretrial Services – to impose detention. Although the Government knew about these facts at the time of Defendant's second arrest, Magistrate Judge Whalen concluded that the judicial officer who presided at the May 21, 2008 bond hearing was unaware of these activities.

      C.      <u>July 7, 2008 Hearing before this Court</u>

At the July 7, 2008 hearing, the Court heard arguments from counsel and additional testimony regarding Defendant's prior employment. The Government asserted that Defendant's drug-related charges raised the presumption that Defendant should be detained pending trial. The Government further asserted that Defendant could not rebut the presumption of detention, because Defendant continued to participate in drug-related activities after his October 2007 arrest, Defendant lied about working for Bing Steel to the Probation Department, and Defendant threatened the life of a Government witness. The Government also argued that Defendant was a flight risk. The Government based this argument on Defendant's alleged failure to keep a stable address and to maintain stable employment.

Defendant maintained that he does not have a violent character, and that he did not actually intend to kill the informant. Further, because he believes that his first arrest was unlawful, he does not agree that this is a presumption case. Defendant believes that the Court could impose conditions on Defendant, such as a curfew and electronic tethering, to ensure the safety of the government informant. Defendant also presented a document purporting to be an offer of employment.

Through counsel, Defendant asserted he was employed by A&B Steel, believed to be owned by Dave Bing, from 1999 to 2001. Defendant also claimed to have been employed by Wendy's, Big

6

Boy, and White Castle between 1990 and 1993. This was not the same information that Defendant disclosed to Pretrial Services during his interview. During his interview with Pretrial Services, Defendant disclosed that he worked at Bing Steel.

Mary Ann Atkinson, United States Pretrial Services Officer, testified that Pretrial Services did not verify Defendant's prior employment in connection with Defendant's May 21, 2008 bond hearing. Since the July 7, 2008 hearing, however, Pretrial Services has verified that Defendant was employed by Wendy's, from January 1998 through September 1999. Verification of Defendant's other employment history is pending.

### III.    APPLICABLE LAW

The Court applies a *de novo* standard when reviewing the detention order of a Magistrate Judge. *See United States v. Romans*, 2000 WL 658042, at *1 (6th Cir. 2000); *see also United States v. Yamini*, 91 F. Supp. 2d 1125, 1130 (S.D. Ohio 2000).

A court may order the detention of the defendant if, by clear and convincing evidence, the court finds that no set of conditions will reasonably assure the appearance of the person and the safety of any person and the community. 18 U.S.C. § 3142(f). In determining whether no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community, the district court must take into account the available information concerning: 1) the nature and circumstances of the offense charged; 2) the weight of the evidence against the defendant; 3) the history and characteristics of the defendant; and 4) the nature and seriousness of the danger posed by the defendant's release. 18 U.S.C. § 3142(g). A rebuttable presumption that

7

no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community if the Court "finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)[.]" 18 U.S.C. § 3142(e). The indictment is sufficient to establish probable cause that a defendant committed the charged offense. *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985).

If a defendant produces some evidence to rebut the presumption, "the rebutted presumption retains evidentiary weight." *United States v. Dillon*, 938 F.2d 1412, 1416 (1st Cir. 1991). The rebuttable presumption does not relieve the Government of its ultimate burden of proof. *United States v. Music*, 2007 WL 2067057, at *3 (W.D. Ky. July 16, 2007). The facts used to determine that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142; *Hazime*, 762 F.2d at 37.

Where the safety of a potential Government witness is implicated before a trial and a defendant is released on bond pending trial, a court has the power to order the defendant to "avoid all contact with" that witness. 18 U.S.C. § 3142(c)(1)(B)(v); *United States v. Vasilakos*, 508 F.3d 401, 411 (6th Cir. 2007). In addition to the powers set forth in 18 U.S.C. § 3142, a court may also use its inherent power to detain a defendant prior to trial in order to protect a government witness. *United States v. Graewe*, 689 F.2d 54, 57 (6th Cir. 1982) (citing *Carbo v. United States*, 82 S.Ct. 662 (1962)). Intimidation of a government witness by a defendant "is a sufficient basis for the

exercise of the trial court's power to revoke bail . . . in . . . extreme or unusual case[s]." *Id.* In other words, "this power should be exercised with great care and only after a hearing[.]" *United States v. Wind*, 527 F.2d 672, 675 (6th Cir. 1975). "[S]ubstantial evidence" of the necessity for pretrial detention to protect a future witness is required to invoke a court's inherent power of pretrial detention. *Graewe*, 689 F.2d at 58.

## IV. ANALYSIS

The Court finds that Defendant has failed to rebut the presumption that his pretrial detention is necessary to ensure the safety of any person and the community. The evidence presented at the hearings demonstrates, by clear and convincing evidence, that Defendant poses a danger to the community and to a potential government witness. All four factors of § 3142(g) tip in favor of detention pending trial.

As to the first and fourth factors, the nature and circumstances of the offense charged and the nature and seriousness posed by Defendant's release, Defendant's behavior leading up to, and immediately after, his second arrest weigh in favor of his detention pending trial. Even after being arrested for narcotics-related trafficking charges in October 2007, Defendant continued to participate in those activities, which led to his second arrest. Defendant's release therefore poses a danger to the community.

Defendant's release also poses a danger to a government witness. Defendant does not deny that he left the threatening voice mail on the informant's phone. Instead, Defendant, through his

9

attorney, attempts to dismiss the threats as mere anger and frustration. The Court is not so convinced. As noted by the Magistrate Judge, the tone of Defendant's voice in the voice mail message suggests otherwise. Similarly, the temporal proximity of the call to Defendant's second arrest, presumably at the time when Defendant suspected that the informant may have been the cause of Defendant's second arrest, suggests that Defendant's threat was a real one. It is at least a question for the trier of fact; but for the purposes of setting bond, there is a sufficient showing that Defendant's release poses a danger to a witness. This weighs in favor of detention.

The second factor, the weight of the evidence against Defendant, also tips in favor of his detention pending trial. The Indictment includes allegations of Defendant's participation in narcotics trafficking – on two separate occasions. Additionally, the allegations of witness tampering are substantiated by an audio recording. Even though Defendant argues that his first arrest was illegal and therefore all subsequent acts by the Government are fruit of the poisonous tree, the weight of the evidence against Defendant in connection with the drug trafficking and witness tampering charges, should the arrest be found to be legal, is substantial.

The third factor, Defendant's history and character, weighs in favor of his detention pending trial. This is not Defendant's first arrest for narcotics trafficking. The record indicated that he has been arrested at least twice in connection with narcotics trafficking. Additionally, Defendant has demonstrated, by way of an audio recording, a retaliatory character.

Although the issue of the Court's inherent power to detain Defendant was neither discussed by the parties nor the Magistrate Judge, the Court also concludes that Defendant's detention is

10

proper. *See Graewe*, 689 F.2d at 58 (noting that witness intimidation by a defendant "is a sufficient basis for the exercise of the trial court's [inherent] power to revoke bail"). Based upon the nature and tone of the voice mail left on the informant's telephone by Defendant, the Court concludes that "substantial evidence" supports a finding that pretrial detention is necessary to protect a future witness. *Id.*

After reviewing the relevant materials *de novo*, including the testimony presented at the detention hearing before the Magistrate Judge, the additional evidence presented at the July 7, 2008 hearing, and the amended reports from Pretrial Services, the Court concludes that Defendant should remain in custody pending trial.

**V.    CONCLUSION**

For the reasons stated above,

IT IS ORDERED that Defendant's Motion For Release From Custody Per 18 U.S.C. § 3145 and for Immediate Review of Magistrate Judge's Order of Detention (Dkt. # 15, filed on June 30, 2008) is DENIED.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: July 11, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 11, 2008, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager

DATED: _____

_____
DENISE PAGE HOOD
United States District Judge