UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                  Criminal Case No. 08-CR-20310-01

vs.

                                              HONORABLE DENISE PAGE HOOD

L.T. RIPPIE,

        Defendant.
_____/

## ORDER DENYING MOTION TO REDUCE SENTENCE BASED ON FAIR SENTENCING ACT OF 2010

      This matter is before the Court on Defendant L.T. Rippie's Motion for Retroactive Application of the Fair Sentencing Act of 2010. On October 6, 2008, Rippie entered a plea of guilty to Count 3 of the Indictment: Possession with Intent to Distribute Controlled Substances – 5 grams or more of cocaine base, 21 U.S.C. 841(a)(1). Because his offense involved at least five grams of crack cocaine, Rippie's conviction triggered the mandatory five year term of imprisonment. On February 13, 2009, Rippie was sentenced to a term of 60 months in prison.

      On August 3, 2010, the Fair Sentencing Act of 2010[1] was signed, which alters prospectively, the amount of crack cocaine that triggers the mandatory 60-month statutory minimum sentence from five grams to 28 grams. On February 23, 2010, Rippie filed a motion for a reduced sentence, arguing that the Fair Sentencing Act applies retroactively to his case.

      Although the Fair Sentencing Act of 2010 does not expressly state whether or not it applies retroactively, the retroactivity determination can be made using the saving clause in 1

---

[1] The United States Sentencing Commission voted unanimously on June 30, 2011 to give retroactive effect to its proposed permanent amendment to the federal sentencing guidelines that implements the Fair Sentencing Act of 2010, which will be effective on November 1, 2011, unless Congress acts to disapprove the amendment.

-1-

U.S.C. § 109. The saving clause provides "the repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability." 1 U.S.C. § 109. This clause prohibits the application of the Fair Sentencing Act retroactively. An Act must expressly state an intent to be applied retroactively. *See United States v. Carradine,* 621 F.3d 575, 580 (6th Cir. 2010)("The new law at issue here, the Fair Sentencing Act of 2010, contains no express statement that it is retroactive nor can we infer any such express intent from its plain language. Consequently, we must apply the penalty provision in place at the time [defendant] committed the crime in question.") There is no express language in the statute applying the Fair Sentencing Act of 2010 retroactively.

The Fair Sentencing Act of 2010 cannot be applied retroactively in the instant case. Rippie's motion seeking reduction of his sentence based on a retroactive application of the Fair Sentencing Act of 2010 is denied.

Accordingly,

IT IS ORDERED that the Motion for Retroactive Application of Sentencing Guidelines re: Crack Cocaine Offense under 18 U.S.C. § 3582 (No. 26, filed 08/23/10) is DENIED.

         s/Denise Page Hood
         United States District Judge

Dated: July 13, 2011

I hereby certify that a copy of the foregoing document was served upon L.T. Rippie #42758-039, P.O. Box 10, Lisbon, OH and counsel of record on July 13, 2011, by electronic and/or ordinary mail.

         s/LaShawn R. Saulsberry
         Case Manager